

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 23 2012

JAMES N. HATTEN, Clerk
By: [signature]



IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. |
| MYRON ANTHWAN IRBY | 1:12-CR-355 |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about June 24, 2011, in the Northern District of Georgia, the defendant, MYRON ANTHWAN IRBY, did knowingly recruit, entice, harbor, transport, provide, obtain and maintain by any means a minor under the age of 18 years, namely "V.S.," and did benefit, financially and by receiving a thing of value, from participation in a venture which engaged in the acts described above, in and affecting interstate commerce, knowing and in reckless disregard of the fact that "V.S." had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

### COUNT TWO

On or about October 21, 2011, in the Northern District of Georgia, the defendant, MYRON ANTHWAN IRBY, did knowingly recruit, entice, harbor, transport, provide, obtain and maintain by any means a minor under the age of 18 years, namely "V.S.," and did benefit, financially and by receiving a thing of value, from

participation in a venture which engaged in the acts described above, in and affecting interstate commerce, knowing and in reckless disregard of the fact that "V.S." had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

## FORFEITURE PROVISION

As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, the defendant, MYRON ANTHWAN IRBY, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1594(d) and (e), any and all property, real or personal, constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including but not limited to:

(a) A sum of money representing the amount of proceeds obtained as a result of the offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A _____True_____ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

NEKIA S. HACKWORTH
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6196 (telephone)
404/581-6181 (facsimile)
Georgia Bar No. 394110